A. Patrick Muñoz (State Bar No. 143901)
Hans Van Ligten (State Bar No. 119323)
Noam Duzman (State Bar No. 213689)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants CITY OF TWENTYNINE PALMS and GARY BLACKMAN

FILED
CLERK U S DISTRICT COURT
NOV 21 2003
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DANIEL O'BRIEN, dba O'BRIEN TELCOM, a sole proprietorship, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF TWENTYNINE PALMS, a local public entity, GARY BLACKMAN, individually and through his official capacity, and DOES 1 through 10, inclusive, <br><br> Defendants | Case No. EDCV 02-1039 VAP (SGLx) <br><br> **STIPULATION FOR ENTRY OF JUDGMENT** <br><br> **Scheduled Hearing Date:** <br> DATE: November 24, 2003 <br> TIME: 10:00 a.m. <br> CTRM. 2 <br><br> Hon. Virginia A. Phillips |

## RECITALS

1. Plaintiff Daniel O'Brien ("Plaintiff") filed a complaint alleging that, on February 20, 2000, the City of Twentynine Palms (collectively "City") and Gary Blackman unlawfully entered his property located at 73452 Sullivan Road in the City of Twentynine Palms, State of California (the "Property") and abated certain conditions thereon which the City had notified him were substandard and in violation of its Municipal Code standards

2. The City claims that the entry onto and abatement of Plaintiff's Property were lawful, having been conducted only after Plaintiff had been afforded his due process rights and pursuant to a lawfully issued warrant to do the same.

ENTER ON ICMS
NOV 24 2003

Rutan & Tucker LLP
attorneys at law

LODGED

3. Plaintiff filed this action against the City seeking damages under several State law claims and under the Civil Rights Act, 42 U.S.C. section 1983

4. After Plaintiff voluntarily dismissed several claims against the City, the City filed a Motion to Dismiss as to the remainder of Plaintiff's First Amended Complaint. By Court Order dated March 13, 2003, the Court dismissed each of Plaintiff's claims against the City, granting Plaintiff leave to amend his First Amended Complaint to re-plead only his Fourth Amendment cause of action. On April 2, 2003, Plaintiff filed his Second Amended Complaint alleging that the City had committed Fourth Amendment violations

5. Plaintiff then filed a Motion for Summary Judgment. The City countered with its own Motion for Summary Judgment as to Plaintiff's remaining claims. The Court issued a ruling addressing both the Plaintiff's and the City's respective Motions for Summary Judgment on July 31, 2003. In that Order, the Court found in favor of the City and against Plaintiff on each and every remaining claim.

6. On August 13, 2003, Plaintiff filed a Motion for New Trial. On September 10, 2003, the Court issued an Order denying Plaintiff's Motion for New Trial.

7. As the prevailing party to an action brought under the Civil Rights Act, on September 24, 2003, the City filed a Motion for Attorneys' Fees under 42 U.S.C 1988. The hearing on the Motion was originally set for October 20, 2003. Prior to the hearing date, Plaintiff and City reached a tentative settlement as to the outstanding issues in this action. Accordingly, by Stipulation, Plaintiff and City agreed to continue the hearing date on the City's Motion for Attorneys' Fees for at least thirty (30) days in order to have time to reduce to writing the settlement terms. The Court continued the hearing date on the City's Motion for Attorneys' Fees to November 24, 2003.

8. Plaintiff and City now desire to resolve this litigation through a

Rutan & Tucker LLP
attorneys at law

1 stipulated judgment as provided herein below.

2   9.   Judgment shall be entered in favor of Defendant City of Twentynine Palms for Eight Thousand Two Hundred Nine Dollars and Three Cents ($8,209.03) for costs and attorneys' fees incurred by City in this action. Plaintiff understands and agrees that this Stipulated Judgment will be recorded by the City as a lien against any real property owned by Plaintiff. City agrees not to execute on the lien against any real property unless and until the occurrence of one of the following two events: (1) Plaintiff's voluntary or involuntary conveyance or transfer of title of any property to any person or entity (including, but not limited to, foreclosure proceedings) or (2) Plaintiff's refinancing of the Property (collectively, "Trigger Events")

10.   Plaintiff agrees to provide City thirty (30) days notice prior to taking any action that would constitute a Trigger Event

11.   Plaintiff also agrees to prepare, execute, and deliver to City within five (5) days of execution of this Stipulation for Entry of Judgment, a letter of regret to the City for bringing this action and for causing the City to expend public resources to defend the same. The letter shall acknowledge that the City prevailed in full in this action and that the Court ruled in the City's favor, ultimately finding that Plaintiff's claims could not be granted.

12.   Upon receipt of the letter called for in Section 11, City agrees to take all action necessary to extinguish the Special Assessment for costs associated with abating Plaintiff's Property recorded by the City against the Property on or about April 2002 in the original amount of Three Thousand Two Hundred Nine Dollars and Three Cents ($3,209.03).

13   Except as provided hereinabove in Paragraphs 9 through 11, inclusive, Plaintiff and City hereby mutually release and forever discharge each other and, as the case may be, each of their respective predecessors, successors, heirs, assigns, employees, officers, directors, agents, attorneys, subsidiaries, divisions or affiliated

corporations or organizations, and all persons acting by, through, under or in concert with them, or any of them (collectively, "Released Parties"), from any and all claims, demands, and causes of action, of any nature whatsoever, including, without limitation, any grounds for appeal of this action, whether or not now known, suspected or claimed, which either party may have, ever had, now has, or may claim to have as of the date of this Stipulation for Entry of Judgment, against the Released Parties (whether directly or indirectly), or any of them, by reason of Plaintiff's actions with respect to the Property and City's actions in response thereto. The parties hereto each acknowledge that they may hereafter discover facts different from or in addition to those they now know or believe to be true with respect to the claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever that are the subject of the release set forth herein, and they each expressly agree to assume the risk of the possible discovery of additional or different facts, and agree that this Stipulation shall be and remain effective in all respects regardless of such additional or different facts.

14. This Stipulation is an important legal document and in all respects has been voluntarily and knowingly executed by the parties hereto. Plaintiff acknowledges that he has been advised to consult with an attorney of his choice prior to signing this Stipulation. Plaintiff represents that he has carefully read and fully understands all of the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

15. Should any legal action be required to enforce the terms of this Stipulation or to collect any sums under this Stipulation or in the Judgment, including without limitation any action in any court, whether state or federal, the prevailing party shall be entitled to recover its or his reasonable attorneys' fees and costs incurred in such action, in addition to any other relief to which that party may be entitled. The City shall be deemed the "prevailing party" under this provision if the City is in the future required to file any documents, papers, claims or pleading,

1  in any court of law to enforce the judgment contemplated hereby.

2       16    The terms and conditions of this Stipulation shall be maintained in
3  confidence by Plaintiff and City to the extent allowable by law.

4       17.   Should any portion, word, clause, phrase, sentence or paragraph of this
5  Stipulated Judgment be declared void or unenforceable, such portion shall be
6  considered independent and severable from the remainder, the validity of which
7  shall remain unaffected

8       18    The parties acknowledge that this Stipulation was jointly prepared by
9  them, and any uncertainty or ambiguity existing herein shall not be interpreted
10 against any of the parties, but otherwise shall be interpreted according to the
11 application of the rules on interpretation of contracts

12      19    This Stipulation constitutes the entire agreement between the parties
13 who have executed it and supersedes any and all other agreements, understandings,
14 negotiations, or discussions, either oral or in writing, express or implied, between
15 the parties to this Stipulated Judgment.  The parties to this Stipulated Judgment each
16 acknowledge that no representations, inducements, promises, agreements or
17 warranties, oral or otherwise, have been made by them, or anyone acting on their
18 behalf, which are not embodied in this Stipulation; that they have not executed this
19 Stipulation in reliance on any such representation, inducement, promise, agreement
20 or warranty; and that no representation, inducement, promise, agreement or
21 warranty not contained in this Stipulation, including, but not limited to, any
22 purported supplements, modifications, waivers or terminations of this Stipulated
23 Judgment, shall be valid or binding, unless executed in writing by all of the parties
24 to this Stipulated Judgment.

25 ///
26 ///
27 ///
28 ///

20. Any and all notices required under this Stipulated Judgment shall be sent to the parties at the following addresses

To Plaintiff:
Daniel O'Brien
80044 29 Palms Highway
City of Twentynine Palms, CA 92277

To City:
A. Patrick Muñoz
Rutan & Tucker, LLP
611 Anton Blvd., 14th Floor
Costa Mesa, CA 92626

Dated November 18, 2003

RUTAN & TUCKER, LLP
HANS VAN LIGTEN
NOAM DUZMAN

By: _____
Hans Van Ligten
Attorneys for Defendants
CITY OF TWENTYNINE PALMS
and GARY BLACKMAN

Dated. October 31, 2003

By: _____
Daniel O'Brien
Plaintiff *in propria persona*

IT IS SO ORDERED NOV 21, 2003

_____
Hon. Virginia A. Phillips